

# NUMBER 13-07-00462-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **TERRENCE LEE CURTIS** | **Appellant,** |
| **v.** | |
| **THE STATE OF TEXAS,** | **Appellee.** |

## On appeal from the 36th District Court of San Patricio County, Texas.

# MEMORANDUM OPINION

## Before Chief Justice Valdez and Justices Yañez and Benavides
## Memorandum Opinion by Justice Yañez

A jury found appellant, Terrence Lee Curtis, guilty of the second-degree felony offense of aggravated assault with a deadly weapon[1] and the third-degree felony offense of deadly conduct.[2] The jury assessed punishment at twenty years' imprisonment on the

---

[1] *See* TEX. PENAL CODE ANN. § 22.02(a), (b) (Vernon Supp. 2007).

[2] *See id.* §§ 22.02, 22.05(b)(2), (e) (Vernon 2003). Witnesses at trial testified that appellant fired a handgun repeatedly while standing in the courtyard of an apartment complex, causing bodily injury to a victim.

aggravated assault charge and ten years' imprisonment on the deadly conduct charge.[3] Appellant's counsel has filed a brief with this Court asserting there is no basis for appeal.[4] We agree and affirm the trial court's judgment.

### *Anders* Brief

Counsel's brief reveals that he has reviewed the clerk's record and reporter's record in this case and has concluded that appellant's appeal presents no issues which warrant appellate review.[5] The brief meets the requirements of *Anders* as it presents a professional evaluation showing why there are no arguable grounds for advancing an appeal.[6] In compliance with *High v. State*,[7] counsel has carefully discussed why, under controlling authority, there are no errors in the trial court's judgment. Appellant's counsel informed appellant of his right to review the appellate record and to file a *pro se* brief.[8] More than thirty days have passed, and no *pro se* brief has been filed.[9]

Upon receiving a "frivolous appeal" brief, the appellate courts must conduct "a full examination of all the proceedings to decide whether the case is wholly frivolous."[10] We

---

[3] *See id.* §§ 12.33, 12.34 (Vernon 2003).

[4] *See Anders v. California*, 386 U.S. 738, 744 (1967).

[5] *See id.*

[6] *See Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

[7] *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978).

[8] *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008); *Sowels v. State*, 45 S.W.3d 690, 693 (Tex. App.–Waco 2001, no pet.).

[9] *See Schulman*, 252 S.W.3d at 409 (citing *Johnson v. State*, 885 S.W.2d 641, 647 n.3 (Tex. App.–Waco 1994, pet. ref'd), *modified by Wilson v. State*, 955 S.W.2d 693 (Tex. App.–Waco 1997, no pet.)).

[10] *Penson v. Ohio*, 488 U.S. 75, 80 (1988); *see Garza v. State*, 126 S.W.3d 312, 313 (Tex. App.–Corpus Christi 2004, no pet.).

have carefully reviewed the appellate record and counsel's brief.[11]  We agree with appellant's counsel that the appeal is without merit.[12]  Accordingly, we affirm the judgment of the trial court.

## Motion to Withdraw

In accordance with *Anders*, counsel has asked permission to withdraw as counsel for appellant.[13]  An appellate court may grant counsel's motion to withdraw filed in connection with an *Anders* brief.[14]  We grant counsel's motion to withdraw.

We order counsel to advise appellant promptly of the disposition of this case and the availability of discretionary review.[15]

LINDA REYNA YAÑEZ,
Justice

Do not publish.  TEX. R. APP. P. 47.2(b).

Memorandum opinion delivered and
filed this the 7th day of August, 2008.

---

[11] *See Schulman*, 252 S.W.3d at 409; *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

[12] *See Bledsoe*, 178 S.W.3d at 827.

[13] *See Anders*, 386 U.S. at 744.

[14] *Schulman*, 252 S.W.3d at 409; *see Stafford*, 813 S.W.2d at 511 (noting that *Anders* brief should be filed with request for withdrawal from case).

[15] *Schulman*, 252 S.W.3d at 408; *see Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (en banc) (per curiam).